IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID I. GLOVER,

Plaintiff,

v.

RICHARD J. HRYNIEWICH
and
THE CITY OF NORFOLK, VIRGINIA

Defendants.

Civil Action No. 2:17cv109

TIMOTHY B. PRIDEMORE,

Plaintiff,

v.

RICHARD J. HRYNIEWICH
and
THE CITY OF NORFOLK, VIRGINIA

Defendants.

Civil Action No. 2:17cv110

OPINION & ORDER

This matter is before the Court pursuant to Defendant City of Norfolk's ("the City's")

and Officer Richard J. Hryniewich's ("Hryniewich's") (collectively, "Defendants'") Motion to

Dismiss or Stay ("Motion"). Glover v. Hryniewich, et al., No. 2:17cv109, Doc. 5.[1]  On August

4, 2017, this Court entered an Order GRANTING Defendants' Motion and STAYING this

---

[1] Because Glover v. Hryniewich, et al., No. 2:17cv109 and Pridemore v. Hryniewich, et al., No. 2:17cv110 are consolidated for the purposes of discovery and because the actions are identical save for the plaintiffs, the Court will consider the actions as one. For clarity, unless otherwise specified, all references and citations to pleadings will be made to Glover v. Hyrniewich, et al., No. 2:17cv109.

1

action, pending issuance of the Norfolk Circuit Court's ruling on Defendants' Plea in Bar. Doc. 11. On August 21, 2017, Defendants filed a Notice of the Circuit Court's ruling. Doc. 12. In that ruling, the Circuit Court SUSTAINED Defendants' Plea in Bar as to the City, and SUSTAINED IN PART and OVERRULED IN PART Defendants' Plea in Bar as to Hryniewich. Id., Ex. A. As to Hryniewich, the Circuit Court held that "under the circumstances, gross negligence is not a proper issue for a plea in bar asserting sovereign immunity." Id. at 2.

The Circuit Court's decision changes the abstention analysis in this Court's previous Order. On abstention questions, the Court follows the guidance of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), which has been distilled by the Fourth Circuit into a six-factor test, see Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207–08 (4th Cir. 2006). The fifth factor considered under this test is "whether state or federal law provides the rule of decision on the merits." Id. at 208. In the August 4, 2017 Order, this Court noted that "at this point in time, Factor Five of Colorado River is neutral toward abstention." Doc. 11 at 11. The Court went on to say:

> [I]f the Norfolk Circuit Court finds that Defendants are immune from suit, altering the harmony and uniformity of maritime law in the process, Factor Five [of Colorado River] will weigh against abstention. However, if the opposite occurs, Factor Five will weigh in favor of abstention as the state court is well equipped to rule on the underlying merits of the State Actions.

Doc. 11 at 11.

The Norfolk Circuit Court has found that the City is immune from suit, and that Hryniewich is immune except as to Plaintiffs' gross negligence claims. The Circuit Court's finding of sovereign immunity as to the City and in part as to Hryniewich means that the state court "is without subject matter jurisdiction to adjudicate" most of Plaintiffs' claims. Afzall v. Commonwealth, 273 Va. 226, 230 (2007); see also Doud v. Commonwealth, 282 Va. 317, 321

(2011) ("In the absence of [an express waiver of sovereign immunity], the courts of the Commonwealth lack subject-matter jurisdiction to adjudicate tort claims against the Commonwealth."). The Circuit Court's finding of sovereign immunity, and thus lack of jurisdiction, demonstrates that state court is not an available forum in which to adjudicate Plaintiffs' claims.

Accordingly, the Court **FINDS** that Factor Five of <u>Colorado River</u> now weighs against abstention. The Court further **FINDS** that, taken as a whole, the <u>Colorado River</u> factors now weigh against abstention in this case. Accordingly, and for the reasons stated in the following updated analysis, the Court **DENIES** Defendants' Motion.

## I.   BACKGROUND

### A.    Factual Allegations

On January 21, 2014, the City issued a purchase order to Willard Marine Services, Inc. ("Willard") "for the modification and repair of the City's 27 foot aluminum hull SAFE Boat vessel." Compl. ¶ 6. On February 6, 2014, the City issued an additional purchase order to Willard "for the repair and modification of the vessel's steering system." Id. The City took redelivery of the SAFE Boat on March 21, 2014. Id. ¶ 7. Hryniewich, employed by the City as a police officer, was present for the vessel's redelivery on behalf of the City. Id. ¶ 8. Two employees of Willard, Glover and Pridemore, were also present for the vessel's redelivery. Id. "Also aboard were two other City of Norfolk employees." Id. The individuals present for the redelivery proceeded to conduct a sea trial of the vessel. Id. ¶¶ 8–10.

Plaintiffs allege that "[d]uring the course of the sea trial, Hryniewich identified what he perceived to be steering and handling issues with the vessel and expressed those concerns to the other City of Norfolk employees on board." Id. ¶ 10. While maneuvering the SAFE Boat,

Hryniewich allegedly pushed "the vessel to high speed and then, without slowing down or warning other than a 'hold on' with insufficient notice, recklessly turned the wheel hard to starboard causing the vessel to capsize." Id. ¶ 11. Plaintiffs state that they were injured and taken to a local hospital. Id. ¶ 12. Plaintiffs allege temporary and permanent physical injuries, considerable medical expenses, and lost wages. Id. Plaintiffs contend that their injuries were caused by the "negligence, gross negligence and recklessness" of Hryniewich in "attempting to make a severe turn at an unsafe speed." Id. ¶¶ 14, 16. Plaintiffs further allege that the City is liable for "failing to provide a competent operator of the vessel," id. ¶ 14, and that, "[a]t the time of the inception of the voyage (sea trials) the City of Norfolk knew or should have known that Hryniewich was not competent to operate the vessel, thereby rendering it unseaworthy within the City of Norfolk's privity and knowledge." Id. ¶ 15.

## B.    Procedural History

On March 21, 2016, Glover and Pridemore each filed a complaint against Defendants in Norfolk Circuit Court ("State Actions"). Doc. 6, Ex. 1. Defendants responded with a Plea in Bar in both of the State Actions and Plaintiffs both filed Motions to Strike Defendants' Plea in Bar. Id. at 2. On December 16, 2016, the Norfolk Circuit Court DENIED Plaintiffs' Motion to Strike. Doc. 7 at 3.

On February 23, 2017, Plaintiffs filed the instant Complaints ("Federal Actions"). Glover v. Hryniewich et al., No. 2:17cv109, Doc. 1; Pridemore v. Hryniewich, et al, No. 2:17cv110, Doc. 1. On March 6, 2017, the Court ORDERED that the Federal Actions be consolidated for discovery only. Doc. 4 at 1. On April 21, 2017, Defendants filed the instant Motion. Doc. 5. On May 5, 2017, Plaintiffs responded in opposition to the Motion. Doc. 7. On May 11, 2017, Defendants responded in further support of the Motion. Doc. 9.

4

## II. LEGAL STANDARDS

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282 (1910); accord McLaughlin v. United Va. Bank, 955 F.2d 930, 934 (4th Cir. 1992). Rather, "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not 'refus[e] to decide a case in deference to the States.'" Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)). In Colorado River Water Conservation District v. United States, the Supreme Court noted that Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." 424 U.S. 800, 817 (1976). However, the Supreme Court also noted that a federal court may abstain from exercising jurisdiction over a duplicative federal action for purposes of "wise judicial administration" in "exceptional circumstances." Id. at 818–19.

"The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207 (4th Cir. 2006) (citing Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005)); accord vonRosenberg v. Lawrence, 849 F.3d 163, 168 (4th Cir. 2017). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991). "If parallel suits exist, then we must carefully balance several factors 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Great Am. Ins. Co. 468 F.3d at 207 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)).

The Fourth Circuit has developed a six (6) factor test from Colorado River to analyze whether abstention applies to claims seeking relief other than declaratory judgment. Id. at 207–08. The six factors are:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others;
> (2) whether the federal forum is an inconvenient one;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action;
> (5) whether state law or federal law provides the rule of decision on the merits; and
> (6) the adequacy of the state proceeding to protect the parties' rights.

Id. Courts in the Fourth Circuit generally consider an additional factor: whether the filing of the parallel suit was vexatious or reactive in nature. See e.g., McLaughlin, 955 F.2d at 934–35 (citing Moses H. Cone, 460 U.S. at 17–18, n. 20.). "When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone, 460 U.S. at 28.

### III.    ANALYSIS

Defendants argue that "the Court should abstain from exercising concurrent jurisdiction" over the Federal Actions because the actions are parallel to Plaintiffs' State Actions, "the Colorado River factors weigh in favor of abstention in this case, and the state forum chosen by the Plaintiffs is an adequate vehicle for complete and prompt resolution of the parties' dispute." Doc. 6 at 7. Specifically, Defendants move the Court to dismiss the Federal Actions "with prejudice, or, in the alternative, stay the Federal Actions pending resolution of the State Actions." Id. Plaintiffs claim that the "facts in the cases at bar weigh heavily against abstention and there are no exceptional circumstances that are compelling enough to warrant this Court

abstaining from these matters." Doc. 7 at 3, 9.

A.    **Colorado River Factors**

Defendants argue that the Colorado River "factors weigh in favor of abstention." Doc. 6 at 7.   As a threshold matter, Defendants note that the Federal Actions and State Actions "are truly parallel" because "exactly the same parties are litigating exactly the same legal issues and requesting exactly the same relief in two different forums." Id. (emphasis in original). Specifically, "aside from changes in formatting, the Federal Actions are copies of the State Actions. Both sets of complaints rest on the same theories of liability, critical and legal facts, and request the same relief." Id. Next, Defendants contend that "[f]actors three, four, and seven . . . weigh heavily in favor of abstention, and the fifth and sixth factors weigh in favor of abstention, if at all, in this case." Id. at 8.

Plaintiffs argue that Defendants' Motion fails as "the Supreme Court has confined the circumstances appropriate for abstention to only three general categories" and "[n]either of the Plaintiffs' actions warrant abstention as neither fall within any of the three classes of exceptional cases for which abstention is appropriate." Doc. 7 at 4.   Plaintiffs insist that a court may only abstain in three circumstances: (1) federal intrusion into ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Id. (citing Sprint Commc'ns, 134 S. Ct. at 591).   As such, abstention from the Federal Actions is improper. Id. "Should this Court nevertheless decide to conduct an analysis of the factors set forth in Colorado River despite the most recent example from the United States Supreme Court in Sprint, the Court should conclude that abstention is not appropriate under the facts of these cases." Id. at 8.

7

Notably, Plaintiffs agree that the State Actions and Federal Actions are parallel. Id. at 9. Additionally, the Parties agree that Colorado River Factors One and Two are either inapplicable or in equipoise in this case. Id.; Doc. 6 at 8.

Plaintiffs' argument that Younger and Sprint provide the exclusive grounds for federal abstention is unfounded. As the Sprint Court notes, "Younger exemplifies one class of cases in which federal-court abstention is required . . . ." 134 S. Ct. at 588. Younger deals with narrow circumstances, none of which are applicable to the case at hand. The Supreme Court has not overruled or limited Colorado River. As such, the Court is free to consider Colorado River in analyzing the Motion at issue.

### i. *Factor Three: the desirability of avoiding piecemeal litigation*

Defendants claim that Factor Three of Colorado River favors abstention "because parallel processing of the Plaintiffs' State and Federal Actions would result in piecemeal litigation." Doc. 6 at 8. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Gannett Co., Inc. v. Clark Const. Grp., Inc., 286 F.3d 737, 744 (4th Cir. 2002) (citations omitted). As Defendants note, in McWilliams v. Broderick, this Court abstained from a matter, at least in part, due to pending duplicative state proceedings regarding the same legal issue. No. 1:11cv519, 2011 WL 2669969, at *2 (E.D. Va. July 7, 2011). This Court found that the federal and state claims were "virtually identical" and the federal action would be "completely disposed of by whatever the state court does." Id. Defendants claim that, in the instant proceedings, "the outcome in the slower court would be controlled by the outcome in the faster court" and "there is a substantial risk of rulings on separate issues requiring the parties to look to both forums simultaneously and episodically, lurching from issue to issue through incomplete stages of litigation." Doc. 6 at 10. As such,

"factor three alone would provide a sufficient basis for the Court to decline jurisdiction over this case and the Court should therefore grant the instant Motion." Id.

Plaintiffs allege that "the cases will not result in piecemeal litigation as contemplated by the third factor as the issue of sovereign immunity, currently the chief focus of the state court cases and any resultant appeal if necessary, will not be part of the federal case." Doc. 7 at 12. Further, "[a]bsent any appellate issue in the federal cases, the federal court trial will almost assuredly occur prior to a resolution of the state court sovereign immunity issue." Id.

Factor Three of Colorado River strongly favors abstention. As Defendants note, Plaintiffs "expressly base their opposition to the instant Motion on their hope that this Court will rule differently from the Virginia court on the issue of sovereign immunity, involving the same parties and relying on the same facts." Doc. 9 at 4. Plaintiffs argue that this Court should proceed while the state court considers an appeal on the pending Plea in Bar. Doc. 7 at 12. Proceeding in this fashion, with potentially four separate identical trials, would result in substantial judicial waste. Additionally, Plaintiffs' reliance on McLaughlin is misplaced. In McLaughlin, the Fourth Circuit held that abstention was inappropriate because the cases at issue were not duplicative. 955 F.2d at 931. "In order to qualify for the application of the Colorado River doctrine . . . the federal case must duplicate pending state proceedings." Id. Here, the Federal Actions and State Actions are duplicative. As such, Factor Three weighs in favor of abstention.

*ii. Factor Four: the relevant order in which the courts obtained jurisdiction and the progress achieved in each action*

Defendants claim that Factor Four of Colorado River "favors abstention because the State Actions started long before the Federal Actions and so are substantially further along than the

federal proceedings." Doc. 6 at 10. As noted above, the State Actions began on March 21, 2016. Doc. 6, Ex. 1. "After eleven months, the addition of one third-party, the Defendants' responses to the Plaintiffs' written discovery and document requests, several hearings, and an order denying the Plaintiffs' motion to strike the Defendants' Plea in Bar, the Plaintiffs filed their Federal Actions in this Court." Id. at 11. Additionally, the Parties have conducted multiple depositions in furtherance of the State Actions. Id. "[T]he instant Motion is the first responsive pleading to be filed in the Federal Actions, and no other action of proceedings have occurred." Id. Thus, based on the procedural progress of the State Actions, "the fourth Colorado River factor weighs in favor of abstention." Id.

Plaintiffs argue that the "fourth factor is not an exceptional enough circumstance for this Court to abstain." Doc. 7 at 13. Plaintiffs claim that "only a minor amount of discovery has been conducted in the state proceedings and the trials are several months off. Certainly these federal actions are not so far behind the progress of the state actions that it compels the Court to favor abstention." Id. at 14. Plaintiffs also note that they "will appeal the state court ruling on the aforementioned Motion to Strike if the state-based sovereign immunity Plea in Bar is sustained" and allege that Defendants are likely to appeal a denial of the Plea in Bar. Id. "These considerations are not present in the federal actions which will most likely result in a decision on the merits in this Court prior to any finalizing of the state court actions." Id.

Factor Four of Colorado River weighs in favor of abstention. In Great Am. Ins. Co., the Fourth Circuit found this factor to weigh in favor of abstention because litigation in the state court was "further along." 468 F.3d at 209. As of the drafting of the instant Motion and related memoranda, the Parties had already taken various depositions or scheduled depositions to take place in the near future, in furtherance of the State Action. Doc. 6 at 10–11; Doc. 7 at 13–14;

Doc. 9 at 8–9. Procedural and dispositive motions are currently pending in the State Actions. Doc. 7 at 14; Doc. 9 at 8. Notably, Plaintiffs filed the Federal Actions after the Norfolk Circuit Court denied Plaintiffs' Motion to Strike Defendants' Plea in Bar. The instant Motion is the only pleading that has been filed in the Federal Actions. Additionally, in the Federal Actions, a Rule 16 conference has not been conducted and discovery has not begun. As such, Factor Four of Colorado River weighs in favor of abstention.

### iii. Factor Five: whether state law or federal law provides the rule of decision on the merits

Defendants argue that the "fifth Colorado River factor favors abstention because the Norfolk Circuit Court is capable of providing the rule of decision on the merits in this case, which involves important issues of state law." Doc. 6 at 12. Defendants concede that "[g]enerally, this factor is not applicable and will weigh neutrally when the state court is an adequate forum, and/or the federal and state court enjoy concurrent jurisdiction." Id. Defendants, however, claim that "concurrent federal jurisdiction over this proceeding could and would create the type of 'needless friction with important state policies' that the Colorado River factors aim to avoid." Id. at 13 (quoting Gannett Co., Inc., 286 F.3d at 747).

Plaintiffs claim that "the fifth factor disfavors abstention as federal law does in fact provide the rule of decision on the merits." Doc. 7 at 12. Plaintiffs are bringing "maritime claims for which the admiralty law of the United States is to be applied. State-based sovereign immunity will not be a consideration of the federal court sitting in admiralty in these cases." Id. However, "as presently postured, the Plaintiffs face the possibility of the dismissal of their cases in state court on the basis of sovereign immunity." Id. at 12–13.

It is evident from the recent decision by the Norfolk Circuit Court in the State Actions, Doc. 12 Ex. A, that Factor Five of Colorado River now weighs against abstention, because state

court is an inadequate forum for adjudicating Plaintiffs' maritime claims. "The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, . . . but does not extend to counties and similar municipal corporations." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). Thus, Plaintiffs face no bar to bringing their claims against the City and Hryniewich in federal court. However, the Norfolk Circuit Court denied Plaintiffs' Motion to Strike Defendants' Plea in Bar and found that "a municipality and a municipal employee may invoke sovereign immunity in a state court maritime action under appropriate circumstances." Doc. 9, Ex. 1 at 6 (emphasis in original). The Norfolk Circuit Court subsequently sustained Defendants' Plea in Bar as to the City, and sustained in part and overruled in part Defendants' Plea in Bar as to Hryniewich. Doc. 12, Ex. A. As to Hryniewich, the Circuit Court held that "under the circumstances, gross negligence is not a proper issue for a plea in bar asserting sovereign immunity." Id. at 2.

The Norfolk Circuit Court has found that the City is immune from suit, and that Hryniewich is immune except as to Plaintiffs' gross negligence claims. The Circuit Court's finding of sovereign immunity as to the City and in part as to Hryniewich means that the state court "is without subject matter jurisdiction to adjudicate" most of Plaintiffs' claims. Afzall v. Commonwealth, 273 Va. 226, 230 (2007); see also Doud v. Commonwealth, 282 Va. 317, 321 (2011) ("In the absence of [an express waiver of sovereign immunity], the courts of the Commonwealth lack subject-matter jurisdiction to adjudicate tort claims against the Commonwealth."). The Circuit Court's finding of sovereign immunity, and thus lack of jurisdiction, demonstrates that state court is not an adequate forum in which to adjudicate Plaintiffs' claims. By contrast, and as explained above, this Court is equipped to adjudicate Plaintiffs' maritime claims. Accordingly, Factor Five of Colorado River weighs against

12

abstention.

      *iv.    Factor Six: the adequacy of the state proceeding to protect the parties' rights*

      Defendants assert that the "sixth <u>Colorado River</u> factor favors abstention because the Norfolk Circuit Court proceedings are adequate to protect the parties' rights." Doc. 6 at 13. Defendants argue "this factor weighs in favor of abstention where the state court proceeding involves a particular or peculiar nuance of state law and the state court proceeding adequately protects the parties' rights." <u>Id.</u> at 14. Defendants note that "the Norfolk Circuit Court is not only an <u>adequate</u> forum for the resolution of the parties' dispute, it is the Plaintiffs' <u>chosen</u> forum for the resolution of the dispute. Further, the key issue in the litigation, state-based sovereign immunity, is solely an issue of state law." <u>Id.</u> at 15 (emphasis in original).

      Plaintiffs argue that the sixth <u>Colorado River</u> factor "weighs in favor of this Court keeping jurisdiction." Doc. 7 at 13. Specifically, Plaintiffs claim the state court proceedings are inadequate to protect Plaintiffs' rights as they "are entitled to bring these actions against these Defendants under the admiralty law in this Court free from the defense of state-based sovereign immunity." <u>Id.</u>

      Factor Six of <u>Colorado River</u> is in equipoise in terms of abstention. Plaintiffs' arguments in opposition to abstention amount to a request that the Court hear the Federal Actions as Plaintiffs' State Actions may fail due to state-based sovereign immunity. Plaintiffs chose to bring the State Actions. Plaintiffs acknowledge that they may utilize the appellate process to review the Norfolk Circuit Court's denial of the Motion to Strike Defendants' Plea in Bar. However, the Parties agree that, independent from the State Actions, this Court is equipped to hear and render a decision on the underlying allegations that comprise the Complaint. As such, Factor Six of <u>Colorado River</u> is neutral toward abstention.

13

*v.  Factor Seven: whether the filing of the parallel suit was vexatious or reactive in nature*

Defendants argue that the "seventh factor favors abstention because the Federal Actions were reactive." Doc. 6 at 11. Defendants note that the Parties "are the same in both forums, and the Plaintiffs sued in federal court on the same causes of action after suffering an adverse preliminary ruling in earlier proceedings in the Norfolk Circuit Court." Id. at 12. Defendants cite Holland v. Hay, 840 F. Supp. 1091 (E.D. Va. 1994), for support. Id. In Holland, this Court held that "the reactive nature of the federal suit" weighs in favor of abstention as the plaintiffs filed their federal actions only after their attempts at removal had failed. 840 F. Supp. at 1102.

The additional "seventh factor" of Colorado River weighs in favor of abstention. It appears to the Court that Plaintiffs' filed the Federal Actions in an effort to collaterally attack the state court's denial of Plaintiffs' Motion to Strike Defendants' Plea in Bar. As such, and because "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River," this additional factor favors abstention in the Federal Actions. Moses H. Cone, 460 U.S. at 17–18, n. 20.

**B.  Abstention is Inappropriate**

Abstention is reserved for "exceptional" circumstances. Colorado River, 424 U.S. at 818. It is true that the State Actions and Federal Actions are parallel and duplicative, and that tallying up the Colorado River factors nominally favors abstention. However, arguably the most important factor—the factor measuring Plaintiffs' ability to even have their claims heard, rather than be completely barred—Factor Five, weighs heavily against abstention in light of the recent Norfolk Circuit Court decision. Therefore, the Court **FINDS** that, giving due weight to each factor according to its importance, the Colorado River factors weigh against abstention in this case. Accordingly, the Court **DENIES** Defendants' Motion, Doc. 5.

## IV. CONCLUSION

For the reasons listed above, the Court **DENIES** Defendants' Motion, Doc. 5.

The Clerk is **REQUESTED** to deliver electronically a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
October 3, 2017